UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DESIGN BASICS, LLC,

        Plaintiff,

   v.                                                Case No. 13-C-564

CYPRESS HOMES & REALTY, LLC,
CYPRESS HOMES, INC., and
MICHAEL F. BLANK,

        Defendants.

## ORDER DENYING [16] MOTION TO TRANSFER VENUE

Plaintiff Design Basics, LLC, brought this action on May 17, 2013, alleging that Defendants (collectively, "Cypress") infringed their copyrighted materials in violation of the U.S. Copyright Act, 17 U.S.C. § 106 *et seq*, and the Digital Millennium Copyright Act, 17 U.S.C. § 1202 *et seq*. Specifically, Design Basics alleged that Cypress used their copyright-protected architectural drawings to market and construct homes in various parts of Wisconsin. Cypress has filed an uncontested expedited motion to transfer venue from the Green Bay Division to the Milwaukee Division of the Eastern District of Wisconsin. (ECF No. 16.) Cypress is located in Appleton, Wisconsin, and Design Basic is located in Omaha, Nebraska. In support of its motion, Cypress notes that venue in either division of the District is proper because Cypress is alleged to have marketed the infringing homes designs in both divisions and constructed at least one home with an infringing design in the Milwaukee division. Cypress contends that transfer to Milwaukee will be more convenient than litigating the case in Green Bay because counsel are closer to Milwaukee and Milwaukee is more accessible to out of state witnesses. Finally, Cypress notes that this is one of three cases brought by Design Basics, two of which are already pending in the Milwaukee

division. Noting that there are substantial benefits to having its pending copyright infringement cases overseen by judges familiar with the other prior pending cases, involving the same plaintiffs and the same counsel, Cypress suggests the other cases are sufficiently related such that consolidation may even be appropriate. Finally, Cypress notes that Design Basics' counsel have no objection to its motion.

Upon initial review, the Court was inclined to simply grant the unopposed motion by a simple docket order and send the case to the Milwaukee division for reassignment to the judge presiding over the other two cases. Upon review of the electronic docket, however, the Court discovered that there are not three but six cases brought by Design Basics that are currently pending in the District, including one that is pending before the undersigned. Of the four pending in the Milwaukee division, two are pending before Judge Adelman, one before Judge Clevert and one before Judge Randa. Each case names a different home builder as the defendant. Judge Clevert's case has been pending since May 2012, but four of the remaining five were filed within days of each other this past May, with the most recent filed on June 1. None have been consolidated, and since each case involves a different home builder, it is not clear that they could be consolidated. Under these circumstances, it is difficult to see why a transfer would lead to a more expeditious and cost-effective resolution.

What we are left with is the convenience of out-of-state witnesses and counsel. To be sure, there are more flights going into and out of Milwaukee than Green Bay. But if airport convenience were to be given significant weight, many more cases could end up in the airline hub cities of the country. This would be unfair to the judges located in those cities and the parties whose cases are properly before them. Likewise, if I were to place significant weight on the convenience of counsel, I could end up transferring many more cases to Milwaukee, since many of the attorneys that appear before me are from Milwaukee or even further away. That would not only result in a

disproportionate share of the cases being assigned to my colleagues in Milwaukee, it would also defeat the purpose for locating a federal court in northeast Wisconsin in the first place.

The General Order Regarding the Assignment of Cases to the United States District Judge Designated to Hold Court in Green Bay states that civil cases having the greatest nexus to the counties within the Green Bay division shall be assigned to that division. The Order further states: "In considering which county or counties have the greatest nexus with a case, due regard shall be given to the place where the case arose and the residence or principal place of business of the parties." In this case, the defendant is located in a county adjacent to the county in which the Green Bay division courtroom is located. The plaintiff is located in another state. Although one of the homes allegedly constructed by Cypress using the copyrighted plans was built in the Milwaukee division, the evidentiary value of this fact is unclear. The fact that Cypress also allegedly posted the infringing designs online does not change the fact that the greatest nexus is in Appleton, where the defendant's offices are located.

Based on the foregoing, I conclude that the case is properly before me and should not be transferred. I am not insensitive to the desire of the parties to avoid the expense of traveling to Green Bay or having their attorneys do so. It is because so many parties in cases before the court have attorneys from Milwaukee or cities even further away that the court is quite liberal in allowing counsel to appear by telephone and avoids setting hearings unless necessary. Moreover, few cases actually go to trial and if this one does, the court can consider a request to conduct the trial in Milwaukee if significant savings can be achieved. On the record as it now stands, however, the Court concludes that the motion should be denied.

**SO ORDERED** this ___14th___ day of November, 2013.

                                                      s/ William C. Griesbach
                                                     William C. Griesbach, Chief Judge
                                                     United States District Court